### M. B. FAHEY TOBACCO CO. v. SENIOR et al.

### SENIOR et al. v. M. B. FAHEY TOBACCO CO.

(Circuit Court of Appeals, Third Circuit. July 27, 1918. Rehearing Denied September 20, 1918.)

#### Nos. 2383, 2384.

1. TRADE-MARKS AND TRADE-NAMES ☞4—WHAT CONSTITUTE.
    Where the distinctive feature of complainant's device was a reproduction of the photograph of complainant's predecessor, coupled with his name and the name and description of cigars sold, the words and picture together, in view of Act Feb. 1905, § 5 (Comp. St. 1916, § 9490), lack no element of a valid trade-mark, and should be so treated.

2. TRADE-MARKS AND TRADE-NAMES ☞98—INFRINGEMENT—PROFITS.
    Where defendants infringed complainant's trade-mark, profits, as well as damages, are recoverable.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Edward G. Bradford, Judge.

Suit by the M. B. Fahey Tobacco Company against Joseph Senior and another, who filed a cross-bill. From the decree, which granted complainant only part of the relief sought (247 Fed. 809), both parties appeal. Affirmed on defendants' appeal, and reversed, with directions, on complainant's appeal.

Trevor T. Matthews, of Philadelphia, Pa., for plaintiff.

George H. Stein, of Philadelphia, Pa., and John J. Bollinger, of York, Pa., for defendants.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. In this suit, brought by the M. B. Fahey Tobacco Company against Joseph Senior and H. N. Heusner, the company charged unfair competition and the infringement of a trade-mark. The principal question was the ownership of the device; Heusner asserting that he and not the company was the exclusive owner, and on this ground asking in his answer for affirmative relief. On the charge of unfair competition the District Court found in favor of the company, but seems to have held—the opinion leaves us in doubt on this point—that the device in question was not a trade-mark and to have decided for this reason that the company could not recover profits, but was confined to damages. Each party has appealed from the decree, and as the whole dispute has been argued before us we incline to dispose of it at this stage of the controversy, although the account has not yet been taken. The hearing was in open court and the facts are fully stated in Judge Bradford's opinion. 247 Fed. 809.

The evidence relating to the ownership of the device is conflicting, and we have considered it with attention, but without seeing reason to interfere with the findings below. We accept the conclusion of the learned judge that M. B. Fahey in his lifetime was the owner of the device, and that the company has succeeded to his right. And we also agree (1) that the company was not so far privy to the proceeding in the York county court as to be bound now by the decree of that tribunal under the rule of res judicata; and (2) that under the facts proved the doctrine of clean hands does not prevent the company from recovering in this action. But, if the opinion below is to be understood as deciding that the device is not a trade-mark, and that the company is therefore confined to the recovery of damages for unfair competition, we cannot agree with that part of the decision.

[1] The distinctive feature of the device is the reproduction of Fahey's photograph. This is coupled with his name—"Fahey's" Special [cigar], Havana Filler—and we think the words and the picture, taken together, lack no element of a valid trade-mark. The device is arbitrary, not descriptive or generic, and points unmistakably to a particular individual as the source of the goods, giving not only his name, but his features also, so that no other "Fahey" is likely to be confused with the original of the picture. We do not wish to add another to the elaborate discussions of this general subject with which the reports abound, and shall therefore refer merely to Hopkins on Trade-

Marks (3d Ed.) §§ 64 and 72, and 38 Cyc. 695 et seq., and cases cited. An English decision in point is Rowland v. Mitchell [1897] 1 Ch. Div. 71, 85 Law Times Rep. N. S. 498.

Moreover, in addition to the general rules governing the subject, the act of February 20, 1905, has declared in section 5 that:

"No mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark unless" the mark falls within either of two described classes. 33 Stat. 725, c. 592 (Comp. St. 1916, § 9490).

The first class is not relevant, and the second class by plain implication allows the registration of an individual's name if the name be associated with his portrait (a condition that is fulfilled in the present case), merely requiring the individual's written consent to such use of his portrait, a further requirement that was also fulfilled. No question is now presented under the act, but Congress has plainly declared its will concerning devices like that now involved. Davids Co. v. Davids Mfg. Co., 233 U. S. 461, 34 Sup. Ct. 648, 58 L. Ed. 1046.

[2] Therefore, since the defendants have infringed the plaintiff's trade-mark, profits as well as damages are recoverable, and the decree should be modified accordingly. Hamilton Shoe Co. v. Wolf Bros., 240 U. S. 251, 36 Sup. Ct. 269, 60 L. Ed. 629; Hanover Co. v. Metcalf, 240 U. S. 403, 36 Sup. Ct. 357, 60 L. Ed. 713.

We therefore affirm the decree on the defendants' appeal and reverse it on the plaintiff's appeal, with instructions to modify it in accordance with this opinion.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes